## BENJAMIN CLARK *versus* JOSEPH JENKINS.

It is necessary for the protection of an assignee of a mortgage, that the assignmen should be recorded.

It was held to be a question for the jury, to determine whether a deed upon record from a mortgager to the mortgagee, conveying the land with a warranty against all incumbrances excepting the mortgage, was notice to an attaching creditor of the mortgagee that the mortgage had been assigned.

WRIT *of entry.* The demandant claimed by virtue of an attachment and extent upon the land as belonging to James W. Jenkins.

In October 1823 Alpheus Plumer, then the owner and in possession of the land, mortgaged it to James W. Jenkins to secure a note for about 1200 dollars. In May 1824 James assigned the note and mortgage to Joseph Jenkins, the tenant. The deed of assignment was not recorded until the day of the trial of this action. In May 1825 Plumer executed and delivered to James a deed of the land, in which it was stated that the land was under a mortgage to him for 1200 dollars, and in the covenant against incumbrances the mortgage was excepted. The demandant's attachment on the land was made in March 1826.

The tenant contended at the trial, that there was no title in James which could support the extent, because, being mortgagee and his interest legally assigned, he could take nothing by the subsequent deed except the mortgager's right to redeem, which could not be extended upon and appraised, in the mode pursued by the demandant.

If upon these facts the demandant could not maintain the action, he was to become nonsuit; but otherwise the action was to stand for trial.

*Davis* and *A. Denny*, for the tenant, argued that where a *Oct. 4th* mortgage has not been foreclosed, the assignment of it is valid against all persons, without being recorded. Before foreclosure the mortgage is only an incident to the debt, and one who should take a second assignment without the evidence of

---

*United States* v. *Britton,* 2 Mason, 464; *Spencer* v. *Commonwealth,* 2 Leigh, 751; 2 Russell on Crimes, (3d Amer. ed.) 371 to 374.

Clark
v.
Jenkins.
281

the debt would be presumed to have known of the former assignment; and it has been decided that a mortgagee has no attachable interest. *Goodwin* v. *Richardson*, 11 Mass. R 469; *Eaton* v. *Whiting*, 3 Pick. 484. If the note alone had been assigned to the tenant, the mortgage would still have been security for it, and the mortgagee would have been a trustee for the holder. *Crane* v. *March*, 4 Pick. 131. The second deed to James gave him only an equity of redemption, and that alone could be taken by the demandant on execution.

They also contended that the second deed to James was notice to the demandant of the assignment of the mortgage, for had it not been assigned, it would not have been mentioned as an incumbrance. *Prescott* v. *Trueman*, 4 Mass. R. 629.

*Hoar* and *Lee*, *contrà*, cited *Harrison* v. *Phillips Academy*, 12 Mass. R. 465; — *M'Mechan* v. *Griffin*, 3 Pick. 149, [2d ed. 154, 157, notes;] *Farnsworth* v. *Childs*, 4 Mass. R. 637; *Priest* v. *Rice*, 1 Pick. 164, [2d ed. 169, n. 1; *Cushing* v. *Hurd*, 4 Pick. (2d ed.) 257, n. 1.]

Oct. 5th.

*Per Curiam.* We think that as the assignment was not recorded, it is a question for the jury to determine whether the demandant had notice. The deduction made by counsel from the deed of the equity of redemption, is one which might not be made by common minds, but it may be thought by a jury that the demandant is a man of more than ordinary acuteness and so had notice. The action will stand for trial.